UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Gary Roberts

   v.                                             Civil No. 12-cv-230-SM

Fred Nichols et al.[1]

**REPORT AND RECOMMENDATION**

    Gary Roberts, a New Hampshire State Prison ("NHSP") inmate, has filed this action, pursuant to 42 U.S.C. § 1983, alleging that NHSP employees have violated his rights under the federal constitution and state law. The matter is before the court for preliminary review to determine, among other things, whether the complaint (doc. no. 1) states any claim upon which relief might be granted. See 28 U.S.C. § 1915A(a).

**Standard for Preliminary Review**

    Pursuant to 28 U.S.C. § 1915A(a), the magistrate judge conducts a preliminary review of complaints filed by pro se prisoners before defendants have an opportunity to respond to

---

    [1]Defendants named in this lawsuit are New Hampshire Department of Corrections employees Fred Nichols and Mike Boudreau, and New Hampshire State Prison Warden Richard M. Gerry.

the claims.[2] The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious. See 28 U.S.C. § 1915A(b).

In determining whether a pro se complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010). To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

---

[2]Although Roberts is presently represented by counsel in this matter, the complaint (doc. no. 1) was filed by Roberts before counsel appeared. Plaintiff's attorney has not sought to amend or replace the complaint. Accordingly, the court conducts preliminary review as required by § 1915A(a).

## Background

On June 30, 2009, Roberts was working in the NHSP wood shop.  Roberts was using a table saw that did not have any safety guards to protect the saw operator.  While he was working, the saw had "an unexpected kick back."  As a result, Roberts suffered a severe laceration to his left hand, requiring extensive treatment and causing permanent injury, which Roberts attributes to the lack of safety equipment on the saw.

Roberts alleges that at the time of his injury, Mike Boudreau and Fred Nichols were employees of the NHSP.  The court can reasonably infer from the complaint that Boudreau and Nichols were the individuals charged with responsibility for the wood shop and the safety of the equipment therein.  Roberts states that Boudreau, Nichols, and the NHSP Warden, were aware of the lack of safety guards on the table saw and other wood shop equipment prior to Roberts's injury because other inmates had previously been injured on other wood shop equipment that lacked safety guards.  Roberts alleges that despite that knowledge, the defendants have failed to take any action to rectify the safety risk the equipment poses to the inmates who use the equipment.

**Discussion**

I. <u>Constitutional Claims</u>

   A. <u>Equal Protection</u>

In his complaint (doc. no. 1), Roberts asserts a violation of his rights under the Equal Protection Clause of the Fourteenth Amendment. Generally, to establish an equal protection claim, a plaintiff must demonstrate that: (1) compared with others similarly situated, he was selectively treated; and (2) that the selective treatment was motivated by purposeful discrimination on some improper basis, such as plaintiff's membership in a particular race or religion. <u>See Hernandez v. New York</u>, 500 U.S. 352, 360 (1991). Roberts has not stated any facts indicating that he was treated in a discriminatory matter or that he was treated differently than any similarly situated inmate. Roberts has thus failed to state an equal protection claim, and the claim should be dismissed.

   B. <u>Endangerment</u>

Liberally construing the complaint, the court finds that Roberts attempts to assert a federal constitutional claim for endangerment, in violation of the Eighth Amendment. The constitution requires prison officials to take "reasonable measures to guarantee the safety of the inmates." <u>Farmer v.</u>

Brennan, 511 U.S. 825, 832 (1994).  To establish unconstitutional endangerment, an inmate must assert facts to demonstrate that, objectively, he was incarcerated "under conditions posing a substantial risk of serious harm," and that the involved prison officials knew of and disregarded the excessive risk to the inmate's safety.  Id. at 834.

Here, Roberts has alleged that the defendants knew: 1) that inmates were injured on other wood shop tools that lacked safety equipment, and 2) that the table saw on which Roberts was injured lacked safety equipment.  The court finds these facts to be insufficient to establish that each of the defendants was actually aware that the table saw posed a substantial risk of serious harm to Roberts, and that the defendants consciously disregarded that risk.  As Roberts has not stated sufficient facts to demonstrate that the defendants acted with deliberate indifference to his safety, the Eighth Amendment claim should be dismissed from this action.

II.  State Law Claims

Roberts has alleged state law claims arising out of the June 30, 2009, incident.  Because the court recommends that the federal claims asserted be dismissed, the court further recommends that the court decline to exercise supplemental

jurisdiction over the state law claims. These claims should be dismissed without prejudice to Roberts's ability to raise them in an action brought in state court.

## Conclusion

For the foregoing reasons, the court recommends dismissal of the complaint in its entirety. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

November 20, 2012

cc: George T. Campbell, III, Esq.

LBM:jba